UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SHARTARSHEA DESHAWN MYERS        CIVIL ACTION NO. 23-cv-305

VERSUS                            JUDGE DONALD E. WALTER

E COKER ET AL                     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Shartarshea Deshawn Myers ("Plaintiff"), who is self-represented, filed this civil rights action against the Shreveport Police Department, Chief Wayne Smith, Officer E. Coker, and Shamichael Pearson. Plaintiff will first need to serve her complaint on each defendant. Service may be accomplished by delivering the summons, which will be issued by the Clerk of Court, and a copy of the complaint to each defendant or other person authorized to receive service. The person who delivers service must be 18 or older and not a party to the case. Other rules regarding service are set forth in Federal Rule of Civil Procedure 4. Plaintiff must complete service and file evidence of service within 90 days of the filing of her complaint, which will be **June 1, 2023**. Failure to do so may result in dismissal of this civil action.

If Plaintiff succeeds in serving the defendants, the court will set deadlines for conducting discovery and the filing of motions. If the case survives that process, the court will set a trial date and related deadlines. Plaintiff, although she is self-represented, will be obligated to follow the court's orders and the applicable procedural rules. Neither the judge's staff nor the Clerk of Court may give her legal advice.

Plaintiff must keep the court informed of a current address. If Plaintiff should have a change in address, Plaintiff must notify the Clerk of Court in writing. If mail is issued to Plaintiff and it is returned for an insufficient address, that may lead to dismissal of this case. If at any time Plaintiff does not wish to pursue this case, Plaintiff may communicate that to the court in writing, and the case will be dismissed.

Plaintiff has named as a defendant the Shreveport Police Department. The capacity of an entity to be sued is determined by the law of the state in which the district court is held. F.R.C.P. 17(b). For a plaintiff to be able to sue a city department, the department must enjoy a separate legal existence. The true political entity, in this case the City of Shreveport, must have taken explicit steps to grant the servient agency with authority to engage in litigation. Darby v. Pasadena Police Dept., 939 F.2d 311, 313 (5th Cir. 1991).

It has been held that the Shreveport Police Department lacks such authority and is not a proper defendant that may be sued in federal court. See Hicks v. Page, 2010 WL 2243584, *2 (W.D. La. 2010) ("Shreveport Police Department is not a legal entity that can be sued); Martin v. Davis, 2007 WL 763653 (E.D. La. 2007) ("Under Louisiana law, police departments are not juridical entities capable of suing or being sued."); and Johnson v. Bossier City Police Dep't, 2009 WL 2461520, *3 (W.D. La. 2009) ("the Bossier City Police Department is not a separate legal entity from the City of Bossier and does not have the capacity to be sued"). Plaintiff is alerted to this and may wish to file an amended complaint to drop the police department and, if appropriate, substitute the City of Shreveport as a defendant. If she is going to file such an amendment, she should do so

prior to making service so that she can serve the complaint and any amended complaint together.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of March, 2023.

Mark L. Hornsby
U.S. Magistrate Judge