UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

| | |
|---|---|
| SHARTARSHEA DESHAWN MYERS | CIVIL ACTION NO. 23-305 |
| VERSUS | JUDGE DONALD E. WALTER |
| E. COKER, ET AL. | MAGISTRATE JUDGE HORNSBY |

---

### MEMORANDUM RULING

Before the Court is an unopposed Motion to Dismiss for Failure to State a Claim filed by Defendants E. Coker, the City of Shreveport, and Wayne Smith (hereinafter collectively referred to as the "Defendants"). See Record Document 13. For the reasons assigned below, the motion to dismiss filed by E. Coker, the City of Shreveport, and Wayne Smith is **GRANTED**.

### BACKGROUND

This suit was filed pro se by the plaintiff, Shartarshea Deshawn Myers, ("Myers"). Myers filed a "Complaint Under the Civil Rights Act, 42 U.S.C. § 1983" against E. Coker ("Officer Coker"), Shamichael Pearson, the Shreveport Police Department, and Wayne Smith ("Chief Smith"). See Record Document 1. The complaint alleges that on December 24, 2021, Myers reported to the Shreveport Police Department that her son has been "fired upon by a man." Record Document 1 at ¶ 1. Myers claims that the Shreveport Police Department collected evidence and "nothing happened." Id. On February 9, 2022, Myers allegedly reported to the Shreveport Police Department that "threats were made via Facebook from Shamichael (as well as text messages) saying he was going to kill [her] son Devin Myers[,]" and "nothing happened again." Id. at ¶ 2. On February 9, 2022, Myers claims that she reported to the Shreveport Police Department that a sport utility vehicle with multiple firearms was visible at Shamichael's house, and "again[,]

1

nothing happened." Id. at ¶ 3. On March 3, 2022, Shamichael Pearson allegedly shot Devin Myers, ultimately resulting in his death. See id. at ¶ 4. Myers filed this suit against Officer Coker, Shamichael Pearson, the Shreveport Police Department, and Chief Smith for violating Myers' rights under the Constitution. See id. Myers seeks compensatory damages in the amount of $20,000,000 against each defendant jointly and severally and punitive damages in the amount of $20,000,000 against each defendant. See id.

## LAW AND ANALYSIS

**A. Motion To Dismiss Standard.**

A motion to dismiss under Rule 12(b)(6) is appropriate when the plaintiff fails to state a legally cognizable claim. See Fed. R. Civ. P. 12(b)(6). The moving party has the burden under a Rule 12(b)(6) motion to dismiss. See Philips N. Am., LLC v. Image Tech. Consulting, LLC, 22-CV-0147, 2022 WL 17168372, at *7 (N.D. Tex. Nov. 21, 2022). In considering a Rule 12(b)(6) motion, the district "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)). To survive a Rule 12(b)(6) motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (internal citations omitted).

Motions to dismiss are disfavored and are rarely granted. See Tanglewood E. Homeowners v. Charles-Thomas, Inc., 849 F.2d 1568, 1572 (5th Cir. 1988). Importantly, in considering a

complaint by a pro se plaintiff, the court should keep in mind that "[p]ro se pleadings are to be held 'to a less stringent standard[] than formal pleadings drafted by lawyers.'" Rios v. Grifols Biomat, USA, 18-CV-814, 2019 WL 4454505, at *2 (M.D. La. Aug. 29, 2019) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

**B.  Section 1983 and Qualified Immunity.**

Myers' complaint alleges that the Defendants violated the plaintiff's rights under Section 1983. See Record Document 1. To plead a Section 1983 claim, the plaintiff must "allege facts demonstrating that (1) the defendant violated the Constitution or federal law and (2) that the defendant was acting under color of state law while doing so." Wilson v. Dallas Cnty. Hosp. Dist., 715 F. App'x. 319, 323 (5th Cir. 2017).

Government officials may assert qualified immunity as a defense to a Section 1983 claim. See Ramos v. La., 506 F. Supp. 3d 398, 403 (E.D. La. 2020). The doctrine of qualified immunity protects government officials sued in their individual capacities "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is "an immunity from suit rather than a mere defense to liability." Pearson v. Callahan, 555 U.S. 223, 237 (2009). "One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." Backe v. LeBlanc, 691 F.3d 645, 648 (5th Cir. 2012).

Officer Coker and Chief Smith raise the defense of qualified immunity in their motion to dismiss. See Record Document 13-1 at 3.  Once a defendant invokes the defense of qualified immunity, "the burden shifts to the plaintiff to demonstrate the inapplicability of the defense." Club Retro, L.L.C. v. Hilton, 568 F.3d 181, 194 (5th Cir. 2009). The Supreme Court set forth a

two-prong framework to determine if a plaintiff has overcome a qualified immunity defense. See Saucier v. Katz, 533 U.S. 194, 202 (2001). First, taken in the light most favorable to the party asserting the injury, this Court must ask whether the facts alleged show the officer's conduct violated a constitutional right. See id. Second, this Court must determine whether the right is "clearly established" by analyzing "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. The questions may be addressed in whichever order the Court sees fit. See Pearson, 555 U.S. at 236 ("The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.").

Commencing with the second prong of the two-prong framework, the Court must determine whether this plaintiff has alleged a violation of a "clearly established" constitutional right. To determine whether the right allegedly violated was "clearly established," the law must "so clearly and unambiguously prohibit[] the conduct such that a reasonable official would understand that what he was doing violated the law." Ramos, 506 F. Supp. 3d at 404.

Myers alleges that Officer Coker and Chief Smith violated her constitutional right due to their failure to investigate the reported threats of Shamichael. See Record Document 1 at ¶ 1–4. Myers claims that their failure to investigate led to the death of her son, Devin Myers. See id. "Ordinarily, a state official has no constitutional duty to protect an individual from private violence." McClendon v. City of Columbia, 305 F.3d 314, 324 (5th Cir. 2002) (citing DeShaney v. Winnebago Cty. Dept. of Soc. Servs., 489 U.S. 189, 197 (1989). The exception to the general rule is when a "special relationship" exists between the state and a particular citizen, such as "when the [s]tate takes a person into custody and holds him there against his will. . . ." Deshaney, 489

4

U.S. at 199. In this case, the Court accepts the facts as true that there was an act of private violence by Shamichael. However, Myers asserts no facts to establish that a "special relationship" existed between the state and Devin Myers that would confer a constitutional duty of the state to protect Devin Myers from private violence. Therefore, Myers fails to allege a constitutional violation of a clearly established right and did not overcome the defense of qualified immunity as to Officer Coker and Chief Smith. For that reason, Myers' Section 1983 claims against Defendants Officer Coker and Chief Smith, in their individual capacities, are dismissed.

**C. Municipality Liability.**

The City of Shreveport also raises the defense of qualified immunity in its motion to dismiss. See Record Document 13-1 at 3. "Unlike government officials sued in their individual capacities, municipal entities and local governing bodies do not enjoy immunity from suit, either absolute or qualified, under [Section] 1983." Burge v. Par. of St. Tammany, 187 F.3d 452, 466–67 (5th Cir. 1999) (citing Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit, 507 U.S. 163, 166 (1993)). A municipality may be held liable for constitutional violations under Section 1983 but only if a municipal policy or custom caused the constitutional injury. See Leatherman, 507 U.S. at 166. The municipality is not liable for an injury inflicted solely by its employees or agents. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978).

To succeed under a Section 1983 claim against the City of Shreveport, there must be (1) an official policy, (2) a policymaker, and (3) a violation of constitutional rights whose moving force is the policy or custom. See Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001); see also Monell, 436 U.S. at 694. As previously discussed, Myers failed to establish that a constitutional violation occurred. Myers' failure to allege facts that a constitutional violation

occurred is fatal to her claims against the City of Shreveport. Thus, Myers' Section 1983 claim against Defendant City of Shreveport is also dismissed.

**D. Non-State Actor Defendant.**

The remaining claim is a Section 1983 claim against Shamichael Pearson, a private citizen. See Record Document 1. As stated above, the two requirements to plead a Section 1983 claim are "that (1) the defendant violated the Constitution or federal law and (2) that the defendant was acting under color of state law while doing so." Wilson, 715 F. App'x. at 323. "'Under color of state law' excludes from its reach purely private conduct, no matter how discriminatory or wrongful." Blakely v. Andrade, 360 F. Supp. 3d 453, 491 (N.D. Tex. 2019) (citing Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)). Therefore, a Section 1983 claim must be brought against a state actor, not a private citizen[1]. See Bogus v. Harris Cnty. Dist. Att'y, No. H-19-3264, 2019 WL 5294320, at *2 (S.D. Tex. Oct. 17, 2019). The complaint alleged that on March 3, 2022, Shamichael Pearson shot Devin Myers, ultimately resulting in his death. See Record Document 1 at ¶ 4. Myers failed to plead any factual allegations that Shamichael Pearson was acting "under color of state law" while violating Myers' constitutional rights. Therefore, the Court dismisses the remaining Section 1983 claim against Shamichael Pearson.

---

[1] An exception to the general rule is that a private citizen may be held liable under Section 1983 if the citizen conspired with or acted in concert with state actors. See Mylett v. Jeane, 879 F.2d 1272, 1275 (5th Cir. 1989). The Fifth Circuit has made clear that the plaintiff must plead facts that "suggest 'an agreement between the . . . defendants to commit an illegal act'" and "an actual deprivation of constitutional rights.'" Terwilliger v. Reyna, 4 F.4th 270, 285 (5th Cir. 2021) (quoting Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994)). There are no specific facts alleged to demonstrate that Shamichael Pearson conspired with or acted in concert with Officer Coker, Chief Smith, or the Shreveport Police Department. See generally Record Document 1.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants E. Coker, the City of Shreveport, and Wayne Smith's motion to dismiss (Record Document 13) is **GRANTED**. All Section 1983 claims filed against Defendants E. Coker, Shamichael Pearson, the City of Shreveport, and Wayne Smith are **DISMISSED**.

A judgment consistent with the instant Memorandum Ruling shall be issued herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 15th day of November, 2023.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE